UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DEBORAH M. BERNSTEIN, | Civil Action No.: 07 CIV 6187 |
| Plaintiff, | |
| v. | |
| HANDY RENT-ALL CENTER, d/b/a DURANTS TENTS & EVENTS, | |
| Defendant. | |
| | |
| HANDY RENT-ALL CENTER, d/b/a DURANTS TENTS & EVENTS, | **THIRD-PARTY COMPLAINT** |
| Third-Party Plaintiff, | Civil Action No.: |
| v. | |
| GREEN CHIMNEYS CHILDREN'S SERVICES, INC., | |
| Third-Party Defendant. | |

Defendant/third-party plaintiff HANDY RENT-ALL CENTER, d/b/a DURANTS TENTS & EVENTS (hereinafter, "DURANTS"), by its attorneys, Callahan & Fusco, LLC, as and for its Third-Party Complaint against third-party defendant GREEN CHIMNEYS CHILDREN'S SERVICES, INC. (hereinafter, "GREEN CHIMNEYS"), alleges upon information and belief as follows:

### THE PARTIES

1.  Prior to and at all times hereinafter mentioned, defendant/third-party plaintiff DURANTS was and still is a domestic limited liability company organized and existing under and by virtue of the laws of State of Connecticut.

2. Prior to and at all times hereinafter mentioned, third-party defendant GREEN CHIMNEYS was and still is a domestic corporation existing and organized under the laws of the State of New York, with its principal place of business located in Brewster, New York.

3. Prior to and at all times hereinafter mentioned, third-party defendant GREEN CHIMNEYS was and still is a foreign corporation authorized to do business within the State of New York.

4. On or about July 3, 2007, the plaintiff, DEBORAH M. BERNSTEIN, commenced an action against defendant/third-party plaintiff DURANTS by filing a Summons and Complaint, dated July 3, 2007, a copy of which is annexed hereto and made a part hereof as Exhibit "A."

5. On or about August 3, 2007, defendant/third-party plaintiff DURANTS served an Answer to the Complaint on the plaintiff. A copy of the Answer, dated August 3, 2007, is annexed hereto and made a part hereof as Exhibit "B."

6. The plaintiff's Complaint herein alleges, *inter alia*, that plaintiff DEBORAH M. BERNSTEIN sustained personal injuries on or about June 11, 2005, at an affair in Brewster, New York, when she stepped into a hole negligently created and obscured by DURANTS, which allegations are denied.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GREEN CHIMNEYS
### (Contribution and Common Law Indemnification)

7. Defendant/third-party plaintiff repeats and realleges each and every allegation heretofore set forth in paragraphs "1" through "6" with the same force and effect as if set forth more particularly at length herein.

8. Defendant/third-party plaintiff DURANTS, while denying negligence, asserts that any willful misconduct, fault or negligence was that of third-party defendant GREEN

CHIMNEYS, and that the liability of DURANTS, if any, was of a derivative or secondary nature, and that the liability of GREEN CHIMNEYS, was of a primary character.

9. As such, any recovery, judgment or verdict by the plaintiff against DURANTS would be based on the wrongful and/or negligent conduct of GREEN CHIMNEYS, without any conduct on the part of DURANTS contributing thereto.

10. By reason of the foregoing, in the event of any recovery, verdict or judgment by the plaintiff against DURANTS, defendant/third-party plaintiff DURANTS is entitled to contribution and/or indemnification, in whole or in part, from third-party defendant GREEN CHIMNEYS for the portion of said judgment, recovery or verdict as may be determined by the trier of fact to be attributable to the wrongful and/or negligent conduct of GREEN CHIMNEYS, together with all attorneys fees, costs, and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GREEN CHIMNEYS
### (Contractual Defense and Indemnification)

11. Defendant/third-party plaintiff repeats and realleges each and every allegation heretofore set forth in paragraphs "1" through "10" with the same force and effect as if set forth more particularly at length herein.

12. Prior hereto and prior to the date of the occurrence which forms the basis of plaintiff's Complaint, defendant/third-party plaintiff DURANTS entered into a contract and/or agreement and/or contractual relationship with third-party defendant GREEN CHIMNEYS, pursuant to which GREEN CHIMNEYS rented certain party equipment for an affair at its premises in Brewster, New York.

13. Pursuant to the aforementioned contract and/or agreement and/or contractual relationship, third-party defendant GREEN CHIMNEYS was obligated and agreed to defend,

indemnify and hold harmless defendant/third-party plaintiff DURANTS against any claims or liabilities for injuries or damages such as those claims brought by plaintiff against defendant/third-party plaintiff DURANTS in plaintiff's Complaint.

14. If the damages were sustained as alleged in plaintiff's Complaint, then pursuant to the aforesaid contracts and/or agreements and/or contractual relationship, third-party defendant GREEN CHIMNEYS is obligated to defend, indemnify and hold harmless defendant/third-party plaintiff DURANTS in this matter, including for the reimbursement of costs, disbursements and attorneys' fees.

15. If plaintiff sustained damages as alleged in her Complaint, then defendant/third-party plaintiff DURANTS will be damaged and entitled to defense and indemnification from third-party defendant GREEN CHIMNEYS, including reimbursement for the legal expenses and costs incurred in defending against the plaintiff's claim and pursuing this third-party action.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT GREEN CHIMNEYS
### (Breach of Contract)

16. Defendant/third-party plaintiff repeats and realleges each and every allegation heretofore set forth in paragraphs "1" through "15" with the same force and effect as if set forth more particularly at length herein.

17. Prior hereto and prior to the date of the occurrence which forms the basis of plaintiff's Complaint, defendant/third-party plaintiff DURANTS entered into a contract and/or agreement and/or contractual relationship with third-party defendant GREEN CHIMNEYS, pursuant to which GREEN CHIMNEYS rented certain party equipment for an affair at its premises in Brewster, New York.

18. Pursuant to the aforementioned contract and/or agreement and/or contractual relationship, third-party defendant GREEN CHIMNEYS was obligated and agreed to defend, indemnify and hold harmless defendant/third-party plaintiff DURANTS against any claims or liabilities for injuries or damages such as those claims brought by plaintiff against defendant/third-party plaintiff DURANTS in plaintiff's Complaint.

19. Demand has been made upon third-party defendant GREEN CHIMNEYS, or its representative, to undertake the defense and/or indemnity of defendant/third-party plaintiff DURANTS.

20. Despite due demand, third-party defendant GREEN CHIMNEYS has not undertaken the defense and/or indemnity of defendant/third-party plaintiff DURANTS.

21. By reason of the foregoing breach of contract by GREEN CHIMNEYS, defendant/third-party plaintiff DURANTS has been damaged and is entitled to defense and indemnification from third-party defendant GREEN CHIMNEYS, including reimbursement for the legal expenses and costs incurred in defending against the plaintiff's claim and pursuing this third-party action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT GREEN CHIMNEYS
### (Common Law Indemnification)

22. Defendant/third-party plaintiff repeats and realleges each and every allegation heretofore set forth in paragraphs "1" through "21" with the same force and effect as if set forth more particularly at length herein.

23. The agreement/contract, implied contract, and/or legal relationship that existed between DURANTS and GREEN CHIMNEYS required GREEN CHIMNEYS to defend and

indemnify DURANTS for all suits and damages arising from the claims and causes of actions such as those brought by the plaintiff.

24. Despite due demand, GREEN CHIMNEYS has refused to defend and/or indemnify DURANTS for the claims and causes of action asserted by the plaintiff in her Complaint.

25. By reason of the foregoing, GREEN CHIMNEYS is liable to DURANTS for all damages resulting from its failure to defend and indemnify DURANTS in this matter.

**WHEREFORE**, defendant/third-party plaintiff DURANTS hereby demands judgment against third-party defendant GREEN CHIMNEYS as follows:

a. with regard to defendant/third-party plaintiff's first cause of action, for all damages related to all or any part of any verdict, judgment or recovery that plaintiff might obtain against DURANTS, as shall be properly apportioned;

b. with regard to defendant/third-party plaintiff's second cause of action, for all damages related to all or any part of any verdict, judgment or recovery that plaintiff might obtain against DURANTS, as shall be properly apportioned, and for an Order requiring third-party defendant GREEN CHIMNEYS to defend and indemnify DURANTS against any liabilities for damages sustained by plaintiff, and for all damages resulting from third-party defendant's breach of contract in this matter;

c. with regard to defendant/third-party plaintiff's third cause of action, for all damages related to all or any part of any verdict, judgment or recovery that plaintiff might obtain against DURANTS, as shall be properly apportioned, and for an Order requiring third-party defendant GREEN CHIMNEYS to defend and indemnify

DURANTS against any liabilities for damages sustained by plaintiff, and for all damages resulting from third-party defendant's breach of contract in this matter;

d. with regard to defendant/third-party plaintiff's fourth cause of action, for all damages related to all or any part of any verdict, judgment or recovery that plaintiff might obtain against DURANTS, as shall be properly apportioned, and for an Order requiring GREEN CHIMEYS to defend and indemnify DURANTS against any liabilities for damages sustained by plaintiff, and for all damages resulting from GREEN CHIMNEYS' failure to defend and indemnify DURANTS in this matter;

e. together with the costs, attorneys' fees, and disbursements of this action; and

f. for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
January 16, 2008

Callahan & Fusco LLC
Attorneys for Defendant/Third-Party Plaintiff
HANDY RENT-ALL CENTER, d/b/a DURANTS
TENTS & EVENTS

BY: *William A. Sicheri*
WILLIAM A. SICHERI, Esq.
(WAS-2702)
40 Exchange Place, 18th Floor
New York, NY 10005
(212) 448-9570

## DEMAND FOR TRIAL BY JURY

Pursuant to F.R.C.P. 38(b), defendant/third-party plaintiff hereby demands a trial by jury as to all issues.

Dated: New York, New York
January 16, 2008

                                              CALLAHAN & FUSCO, LLC
                                              Attorneys for Defendant
                                              HANDY RENT-ALL CENTER d/b/a
                                              DURANTS TENTS & EVENTS

                                              By: *[signature]*
                                              WILLIAM A. SICHERI
                                              (WAS-2702)
                                              40 Exchange Place, 18th Floor
                                              New York, New York 10005
                                              (212) 448-9570