EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH M. BERNSTEIN,

        Plaintiff,

v.

HANDY RENT-ALL CENTER, d/b/a
DURANTS TENTS & EVENTS,

        Defendant.

---

Civil Action No.: 07 CIV 6187

ANSWER

    Defendant HANDY RENT-ALL CENTER d/b/a DURANTS TENTS & EVENTS, by and through its attorneys, Callahan & Fusco, LLC, as and for its Answer to plaintiff's Complaint, states upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIRST" of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SECOND" of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRD" of the Complaint.

### AS AND FOR AN ANSWER TO JURISDICTION

    4.    Denies the allegations contained in paragraph "FOURTH" of the Complaint to the extent that the matter in controversy does not meet the monetary threshold required for subject matter jurisdiction based on diversity of citizenship. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "FOURTH" of the Complaint regarding diversity of citizenship.

## AS AND FOR AN ANSWER TO BACKGROUND

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTH" of the Complaint.

6. Denies the allegations contained in paragraph "SIXTH" of the Complaint.

7. Denies the allegations contained in paragraph "SEVENTH" of the Complaint.

8. Denies the allegations contained in paragraph "EIGHTH" of the Complaint.

9. Denies the allegations contained in paragraph "NINTH" of the Complaint.

10. Denies the allegations contained in paragraph "TENTH" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The causes of action asserted by the plaintiff as against this defendant are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by plaintiff's own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused by plaintiff's assumption of risk and are not recoverable from this defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which this defendant had no control, with no act or omission on the part of this defendant contributing thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all persons and/or entities necessary for the just adjudication of this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This defendant is not a proper party to this action, and thus, the Complaint should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages alleged to have been suffered by plaintiff were caused in whole or in part by the conduct of persons or entities other than this defendant. Therefore, plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has received reimbursement for all or a part of the damages claimed, plaintiff should be estopped from asserting the same herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that all or a part of plaintiff's damages have been paid or will be paid by collateral sources, no award should be made for the same.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

If a dangerous or defective condition existed, which is expressly denied, this defendant had no notice of its presence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If a dangerous or defective condition existed, which is expressly denied, this defendant did not create same.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then this defendant asserts that plaintiff's injuries were pre-existing and not causally related to an incident at the subject premises.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, as required by law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by plaintiff were not proximately caused by the actions of this answering defendant.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this answering defendant where it was not served with process according to the explicit provisions of the applicable federal statutes and New York State CPLR.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the causes of action asserted in plaintiff's Complaint.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

As plaintiff's alleged accident occurred within the scope of her employment, and as no act or omission on the part of this defendant contributed to her alleged injuries, plaintiff's exclusive remedy is limited to the provisions of the New York State Workers' Compensation Law.

**WHEREFORE**, it is respectfully requested that the Complaint, and any and all claims or cross claims asserted against defendant HANDY RENT-ALL CENTER d/b/a DURANTS TENTS & EVENTS, be dismissed with costs, interest, disbursements and attorneys' fees incurred herein, and with such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 3, 2007

CALLAHAN & FUSCO, LLC
Attorneys for Defendant
HANDY RENT-ALL CENTER d/b/a
DURANTS TENTS & EVENTS

By: _____
WILLIAM A. SICHERI, Esq.
(WAS-2702)
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 448-9570

TO: Gregory M. Bagen, Esq.
317 Clock Tower Commons
P.O. Box 380
Brewster, NY 10509
(845) 279-7000

## DEMAND FOR TRIAL BY JURY

Pursuant to F.R.C.P. 38(b), answering defendants hereby demands a trial by jury as to all issues.

Dated: New York, New York
       August 3, 2007

                                          CALLAHAN & FUSCO, LLC
                                          Attorneys for Defendant
                                          HANDY RENT-ALL CENTER d/b/a
                                          DURANTS TENTS & EVENTS

                                          By: _____
                                              WILLIAM A. SICHERI
                                              (WAS-2702)
                                          40 Exchange Place, 18th Floor
                                          New York, New York 10005
                                          (212) 448-9570

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY )
                    ) ss.:
COUNTY OF MORRIS    )

WILLIAM A. SICHERI, being duly sworn, deposes and says, that deponent is not a party to this action and is over 18 years of age. That on August 3, 2007, deponent served the within ANSWER upon the following parties:

> Gregory M. Bagen, Esq.
> 317 Clock Tower Commons
> P.O. Box 380
> Brewster, NY 10509

by electronic filing with the Court and by depositing said copies enclosed in a postpaid, properly addressed wrapper, into an official depository under the exclusive care and custody of the United States Post Office Department.

*William A. Sicheri*
WILLIAM A. SICHERI
(WAS-2702)

Sworn to before me this
3 day of August, 2007

*Christopher G. Fusco*
CHRISTOPHER G. FUSCO
Attorney at Law of the
State of New Jersey