UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH M. BERNSTEIN :

    Plaintiff, :

-v- :

                              07 CIV 6187 (CLB)

HANDY RENT-ALL CENTER :
d/b/a DURANTS TENTS &
EVENTS,

    Defendant :

HANDY RENT-ALL CENTER :
d/b/a DURANTS TENTS &
EVENTS,

    Third-Party Plaintiff :

-v-

GREEN CHIMNEYS CHILDREN
SERVICES, INC.,

    Third-Party Defendant
                                   :

---

### ANSWER OF THE THRID-PARTY DEFENDANT

    Third-Party Defendant, GREEN CHIMNEYS CHILDREN SERVICES, INC, (hereinafter "Answering Defendant(s)) by and through counsel, LYNCH SCHWAB, PLLC, as and for its Answer to the Third Party Plaintiff's Complaint, allege upon information and belief as follows:

1. Answering defendant denies the allegations of paragraphs "1", "4", "5", and "6" of the third party complaint for want of knowledge and information sufficient to form a belief as

to the truth thereof.

2. Answering defendant denies the allegations of paragraphs "3", "8", "9", "10", "13", "14", "15", "18", "21", "23", and "25" of the third party complaint.

3. Answering defendant denies the allegations of paragraphs "2", "12", "17", "19", "20", and "24" of the third party complaint and refer all questions of law to the Court.

4. In response to paragraphs "7", "11", "16", and "22" of the third party complaint, the answering defendant repeats and fully restates each and every allegation contained in paragraphs 1 through 3 of this Answer with the same effect and force as if more fully set forth at length herein

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. Whatever injuries plaintiff may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the plaintiff or by someone over whom the answering defendant had no control.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. This Court lacks jurisdiction over the answering defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. The Plaintiff voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant thereto, and those risks were open, obvious and known.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. The causes of action alleged in the complaint and the third-party complaint fail to state a cause of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. Upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified in whole or in part, from collateral sources, and this defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. If answering defendant is liable at all, answering defendant's liability is 50 percent or less of the total liability assigned to all persons liable. By reason thereof, the liability of answering defendant to the plaintiff for non-economic loss shall not

exceed answering defendant's equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. The injuries, losses and damages and occurrences alleged in the complaint were the result of an independent and intervening cause or causes over which answering defendant had no control or right of control and in no way participated.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. The plaintiff's complaint, and the third-party complaint should be dismissed based upon the exclusive remedy doctrine as set forth within §§11 and 29 of the New York State Worker's Compensation Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. The answering defendant cannot be liable under the doctrine of *respondeat superior*.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. That the relative culpability of each party who is or may be liable for the damages alleged by plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

15. In the event any co-defendants, the third-party plaintiff or other tortfeasors settle with the plaintiff, as a result of the damages alleged in this action or if the plaintiff discontinue against any co-defendants, or the third-party plaintiff this answering defendant reserves its rights under GOL Section 15-108 and in general to prove any and all negligence on the part of said settling co-defendants and/or tortfeasors at a trial in this action.

### AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

16. The third party plaintiff is not entitled to contribution, indemnification and/or a defense in this matter.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17. The third-party plaintiff is barred from maintaining this action and from any recovery against the third-party defendant based upon the Statute of Frauds.

WHEREFORE, it is respectfully requested that the Complaint and the third party Complaint, and any and all cross claims asserted against this answering defendant be dismissed with costs, interest, disbursements and attorneys fees incurred herein, and with such other and further relief as this Court deems just, proper and appropriate.

DATED:      February 4, 2008
            WHITE PLAINS, NEW YORK

                            Respectfully submitted,


                            _____s/LG2655_____
                            LOUIS U. GASPARINI (LG 2655)
                            lgasparini@lynchschwab.com
                            Lynch Schwab, PLLC
                            75 South Broadway
                            Fourth Floor
                            White Plains, NY 10601


            Attorneys for the Third Party Defendant
            GREEN CHIMNEYS CHILDRENS SERVICES, INC.,